IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WARREN D. CROZIER, for minor A.C.; and PAULA M. CROZIER, for minor A.C.; <br><br> Plaintiffs, <br><br> vs. <br><br> WESTSIDE COMMUNITY SCHOOL DISTRICT, WESTSIDE MIDDLE SCHOOL, ELIZABETH MEYERS, English Teacher, Westside Middle School, in her Individual and Official Capacities; RUSSELL OLSEN, Principal, Westside Middle School, in his Official Capacity Only; ENID SCHONEWISE, Assistant Superintendent, Westside Community School District, in her Official Capacity Only; and BLANE MCCANN, Superintendent Westside Community School District, in his Official Capacity Only; <br><br> Defendants. | **8:18CV541** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the defendants' motion to dismiss for failure to state a claim, Filing No. 37. This is an action for deprivation of rights under 42 U.S.C. § 1983. Plaintiffs Warren D. Crozier and Pamela M. Crozier, for minor A.C. (the "Croziers" or "Plaintiffs") originally filed this action *pro se*, but are now represented by counsel. The minor, A.C., was a student at Westside Middle School at the time of the events at issue. In their *pro se* complaint, the Croziers generally allege that the defendants violated A.C.'s First and Fourteenth Amendment rights by instructing A.C. to stop speaking about racially charged topics during class.

This Court's earlier dismissal of the plaintiffs' *pro se* complaint was reversed by the Eighth Circuit Court of Appeals. Filing No. 16 and 17. The Eighth Circuit stated:

1

> The allegation here is that a public-school teacher retaliated against a student merely for expressing her personal views when called upon to speak in a classroom. The complaint asserts that the teacher defamed the student by falsely labeling her as a racist who uses the "N-word"—an act that the district court understandably did not describe as reasonably related to a legitimate pedagogical concern. A retaliation claim requires proof that the teacher's action would deter "a person of ordinary firmness" from continuing to speak, *see* Kesterson v. Kent State Univ., 967 F.3d 519 (6th Cir. 2020) (per curiam), but the stress, anxiety, and ostracization arising from a teacher's false attribution of racist utterances to a middle-schooler might fit the bill. The district court did not address whether retaliation by defamation is any more permissible than the "punishment" expressly forbidden by Tinker v. Des Moines Indep. Cmty. Sch. Dist., 393 U.S. 503, 506 (1969)], why retaliation for classroom speech would be consistent with the First Amendment. Ordinarily, the denial of a motion to appoint counsel would mean that the plaintiffs may continue to litigate pro se, obtain a ruling on the merits from the district court, and exercise their right to appeal. But in the unusual circumstances of this case, the district court's denial of the motion, together with the rule against *pro se* representation by parents, terminated the action before any claim could be adjudicated.

Filing No. 16; Crozier For A.C. v. Westside Community Sch. Dist., 973 F.3d 882, 891 (8th Cir. 2020). Without expressing any view on whether any of the plaintiffs" would be successful, the Circuit Court noted that "the core allegation of First Amendment retaliation is a serious claim on which the plaintiffs and the court would benefit from the assistance of counsel, especially when the case otherwise cannot proceed to a timely decision on the merits[,]" and "an attorney might assist in winnowing the claims." *Id.* This Court thereafter appointed counsel to represent the plaintiffs. Filing No. 19.

The defendants' motion to dismiss is directed at the original *pro se* complaint. In response to the motion, the plaintiffs contend that the complaint, as drafted, states a cognizable claim, but also moves for leave to amend the complaint if the Court were to find otherwise. Though the Court believes generally that the plaintiffs' argument that the present complaint states a claim is well-taken in light of the Eighth Circuit's remand, it nonetheless finds that an amended complaint would be helpful to the Court and to the

parties in the context of further progression of this case. Accordingly, the Court will deny the defendants' motion to dismiss as moot and will order the plaintiffs to file an amended complaint.

IT IS ORDERED:

1. The plaintiffs shall file an amended complaint within 14 days of the date of this order.

2. The defendants' motion to dismiss is denied as moot, without prejudice to reassertion.

Dated this 22nd day of April 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge