IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WARREN D. CROZIER, PAULA M. CROZIER, and ABBY CROZIER,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTSIDE COMMUNITY SCHOOL DISTRICT, ELIZABETH MEYERS, In her individual capacity; RUSSELL OLSEN, in his individual capacity; ENID SCHONEWISE, in her individual Capacity; and BLANE MCCANN, in his individual capacity;<br><br>Defendants. | **8:18CV541**<br><br>**MEMORANDUM AND ORDER** |

Pending before me is the motion for a protective order. (Filing No. 106). The motion will be granted to the extent stated in the attached protective order, which will be separately filed of record.

The court previously entered a protective order in this case. That order was intended to limit piecemeal litigation on limiting disclosure of third party and/or confidential information. But due to the level of mistrust between the parties, the protective order became a separate dispute and led to the Plaintiffs' firing of their former court-appointed attorney. Plaintiffs believe the defendants are attempting to hide relevant information: Defendants believe Plaintiffs will distribute the information irrespective of the protective order or use the threat of such distribution to force a settlement.[1]

---

[1] Defendants' concern may be based, in whole or in part, on communications received from Plaintiffs. After firing their prior court-appointed counsel, Abby Crozier wrote an email to defense counsel entitled "With All Due Respect—Your Defendants' Best Option." The email states that since the plaintiffs

Based on a review of a portion of the documents marked "Highly Confidential" by the defendants, assuming that term is synonymous with "Attorney Eyes Only," Defendants' use of the "Highly Confidential" designation was excessive. For example, the school board meeting agenda, the school board's code of conduct policy, and social media postings are not "Highly Confidential." (Filing Nos. 124-2, 124-3, 124-4, 124-5, 124-6). Moreover, redacting Abby Crozier's name from documents was improper. (Filing No. 124-7, at CM/ECF pp. 17-18). That said, the court agrees that depending on what information is requested, there must be some level of protection afforded to third-party students and teachers whose student or employment records and witness statements are being requested.

Defendants have specifically identified the following types of documents as needing protection from public disclosure:

a. disciplinary/personnel documents for teachers pertaining to the allegations and incidents alleged in Plaintiffs' Complaint; e.g. a formal reprimand communication with required next

---

were no longer represented, all documents marked "Highly Confidential" now had to be disclosed directly to the plaintiffs. The email closes by stating:

> Considering that the evidence you produced to previous counsel was all marked highly confidential, it is apparent that the defense does not want this evidence to be scrutinized by us or made public in court. Therefore, if you choose to not to take advantage of a settlement, please do the right thing and provide all discovery to us as you did to [my former counsel] immediately.

> Therefore, you should consult with your clients and encourage a settlement offer as the best option going forward. Unless we are not seeing or missing unseen discovery that can prove beyond a reasonable doubt otherwise. Please bring that to our attention as we are in that stage of the case. However, know we are at a huge advantage now with being our own attorneys therefore, let's respect the court's time and bring a long awaited conclusion of this horrific abuse aflicted upon me.

(Filing No. 107-5).

        steps from an administrator to a teacher regarding events that transpired during class;

b.    internal notes summarizing Westside's investigation with respect to the incident described in Plaintiffs' Complaint;

c.    documents containing student names, phone numbers, and the names of students' parents; e.g. the internal memorandum created by Westside during its investigation of the list of students interviewed that witnessed the events described in Plaintiffs' Complaint, including the parent's names and phone numbers.

([Filing No. 106, at CM/ECF p. 3](#)).

Any protective order must balance the need to disclose relevant information for this lawsuit, the protection of parties and third parties from unnecessary disclosure of confidential information, and the concern with obstruction of justice if that information is improperly disclosed or misused. To that end,

    IT IS ORDERED:

1)    Defendants' motion for a protective order, ([Filing No. 106](#)), is granted. The protective order will apply to all documents or information that is properly discoverable in this case. The protective order is <u>not</u> to be construed as a judicial finding that a party's requested discovery is, in fact, relevant, proportional to the needs of the case, and subject to discovery.

2)    The court will separately enter the attached protective order.

3)    The deadline for responding to any previously served written discovery is extended to May 2, 2022.

4

4) Any violation of the protective order will result in sanctions, up to and including entry of judgment against the violating party(s).

5) A telephonic conference will be held before the undersigned magistrate judge on June 1, 2022 at 10:00 a.m. to discuss the status of case progression, further case progression deadlines, and the parties' interest in settlement. Counsel shall use the instructions assigned to this case to participate.

Dated this 31st day of March, 2022.

                                                  BY THE COURT:

                                                  *s/ Cheryl R. Zwart*
                                                  United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WARREN D. CROZIER, PAULA M. CROZIER, and ABBY CROZIER,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTSIDE COMMUNITY SCHOOL DISTRICT, ELIZABETH MEYERS, In her individual capacity; RUSSELL OLSEN, in his individual capacity; ENID SCHONEWISE, in her individual Capacity; and BLANE MCCANN, in his individual capacity;<br><br>Defendants. | **8:18CV541**<br><br>**PROTECTIVE ORDER** |

Upon consideration of Defendants' motion, (Filing No. 106), the Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1) **Definitions**. As used in this Order:

   a. Action refers to the above-captioned litigation.

   b. Discovery Material includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel, or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

5

 c. A Producing Party is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

 d. A Receiving Party is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

2) **Confidential Discovery Material.** This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, confidential Discovery Material shall include:

 a. Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation. For the above-captioned case, as to any such documents disclosed,

  i. Information described in Federal Rule of Civil Procedure 5.2(a) and Nebraska Civil Rule 5.3(b)(1-3) and (5), will be redacted.

  ii. Wage, income, and benefits information, and medical, counseling, or mental health records will not be disclosed absent a motion and order of the court.

  iii. Any reprimands, employment counseling, discipline, or performance improvement documentation that did <u>not</u> arise from the events at issue in this case will be designated CONFIDENTIAL--ATTORNEY EYES ONLY and disclosed to opposing counsel only unless, upon motion filed, the court orders otherwise.

  iv. Any reprimands, employment counseling, discipline, or performance improvement documentation that arose from the events at issue in this case will be designated as CONFIDENTIAL and not publicly disclosed except as permitted at trial or upon motion and order of the court.

 b. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

c. Medical or mental health information;

d. Witness statements and investigative notes, reports, or summaries, as follows:

   i. The disclosing party(s) shall prepare a list of the names, addresses, and contact information for any third parties who, at the time of the events at issue, were minors (under the age of 19)[2] and were contacted during a pre-litigation[3] investigation and/or are known witnesses to the events at issue. The disclosing party shall assign a number to each person listed. This listing will be designated and disclosed as CONFIDENTIAL--ATTORNEYS EYES ONLY.

   ii. Third-party student names and identifying information will be replaced by the number assigned to their name if the third-party student was a minor when the statement was obtained or the investigative notes, reports, or summaries were written.

   iii. If the third-party student was an adult when the statement was obtained or the investigation was conducted, the student's name will not be replaced by a number or redacted.

   iv. As to those witnesses who were adults when the events at issue occurred, their names and/or identifying information within witness statements or investigative notes, reports or summaries will not be replaced by a number or redacted.

e. Student records:

   i. Abby Crozier's student record as a minor will be designated CONFIDENTIAL.

   ii. As to <u>third-party</u> students who were minors at the time of the events at issue,

   - the students' names and identifying information (including parents' names) within any school records provided in response to discovery, if any, will be replaced by the number assigned to

---

[2] As used throughout this document, "minors" means persons under the age of 19.
[3] "Pre-litigation" means prior to the reasonable anticipation of litigation, irrespective of when the litigation was actually filed.

7

their name (see Paragraph 2(d)(i), above),

- any information described in Federal Rule of Civil Procedure 5.2(a) and Nebraska Civil Rule 5.3(b)(1-3) and (5) will be redacted,

- medical, counseling, or mental health records will not be disclosed absent a motion and order of the court, and

- after replacing names with numbers, redacting, and removing contents as described above, the school record disclosed will be designated CONFIDENTIAL, except that any grades and any reprimands or other disciplinary information referenced within the file will be designated as CONFIDENTIAL--ATTORNEYS' EYES ONLY.

f. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

3) **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

a. As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

c. If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is CONFIDENTIAL.

Counsel for a disclosing party will designate as CONFIDENTIAL--ATTORNEYS'

EYES ONLY:

- a. Any documentation of employee reprimands, employment counseling, discipline, or performance improvement documentation that did not arise from the events at issue in this case;

- b. Any documentation of student grades, reprimands or other discipline imposed on any third party who was a minor at the time of the events at issue;

- c. The disclosing party's numbered listing of third parties who, at the time of the events at issue, were minors and were contacted during an investigation of the events underlying Plaintiffs' claims and/or are known witnesses to the events at issue.

No other documents will be designated as CONFIDENTIAL--ATTORNEYS' EYES ONLY except upon motion and a court order.

4) **Timing of Confidential Designation**: All confidentiality designations shall be made before the documents are disclosed to, or made available for inspection by, the opposing party.

5) **Qualified Recipients.** For the purposes of this Protective Order, the persons authorized to receive confidential Discovery Material (hereinafter "Qualified Recipient") are:

For information designated as CONFIDENTIAL:

- a. The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

- b. Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

- c. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

    d. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, so long as such persons agree to maintain the confidential Discovery Material in confidence per the terms of this Order, and provided that such persons may only be shown copies of confidential Discovery Material and may not retain any such material;

    e. Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the CONFIDENTIAL information, and the staff and assistants employed by the consulting or testifying experts;

    f. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

    g. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

    h. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

    i. The court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

    j. Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

For information designated as "CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY":

    a. Legal counsel representing the Receiving Parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

    b. Consulting or testifying experts for the Receiving Party, defined to include only those experts retained or employed to assist the Receiving party in

    preparing for trial or any other proceeding in the Action and who need access to the CONFIDENTIAL INFORMATION-ATTORNEYS EYES ONLY information to provide such assistance, and who are not employed by, or an agent or representative for, the Receiving Party, nor anticipated to become an employee, agent or representative of the Receiving Party in the near future;

  c. If necessary to promote alternative dispute resolution, any mediator or arbitrator (and their assistants or staff) retained by the parties who needs access to the CONFIDENTIAL-ATTORNEYS EYES ONLY information to assist the parties with resolving the claims of this Action;

  d. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony; and

  e. The court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors.

6) **Dissemination by the Receiving Party**. Counsel for the Receiving Party shall:

  a. Require Qualified Recipients who are non-expert witnesses or expert witnesses and consultants and who receive information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY to review and agree to the terms of this Protective Order and execute a copy of the Agreement attached hereto as Appendix A before receiving confidential Discovery Material.

  b. Instruct witnesses, consultants, and outside counsel who assist with case preparation or represent a witness that disclosure of the information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY is prohibited as set forth herein.

  c. Maintain a list of any confidential Discovery Material disclosed and to whom, along with the executed copies of the Appendix A Agreement.

The prohibition on disclosing information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY exists and is enforceable by the court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

7) **Duty as to Designations**. Each Producing Party that designates information or items as CONFIDENTIAL and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

8) **Limitations on Use**. Confidential Discovery Material shall be used by the Receiving Party only to prepare for and conduct proceedings herein and not for any business or other purpose whatsoever. The parties acknowledge that some of the information produced in this case may be protected health information, or contain such information, within the meaning of the Health Insurance Portability and Accountability Act (HIPAA). Consistent with 45 C.F.R. § 164.512(e)(1)(iv)(v), and as to the health information requested, counsel and the Receiving Party:

   a. Shall not use or disclose the information for any purpose other than litigating this Action;

   b. Shall return or destroy the protected health information (including all copies made) at the end of this Action; and

   c. Shall request, use and disclose only the minimum amount necessary to conduct this Action.

9) **Maintaining Confidentiality.** Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, each Qualified Recipient, and all counsel representing any party, shall use their best efforts to maintain all information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this

Protective Order if the party claiming confidentiality consents in writing to such disclosure.

10) **Copies.** Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order of the court. However, nothing herein shall restrict a Qualified Recipient from loading confidential documents into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY under the terms of this Protective Order.

11) **Docket Filings.** All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the court for any purpose and that contain Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file Discovery Material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

12) **Depositions.** The following procedures shall be followed at all depositions to protect the integrity of all Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY:

    a. Only Qualified Recipients may be present at a deposition in which such information is disclosed or discussed.

    b. All deposition testimony which discloses or discusses information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY is likewise deemed designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY.

    c. Information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY may be used at a nonparty deposition only if necessary to the testimony of the witness.

13) **Challenges to Confidentiality Designations**. A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary and the information in dispute must be reviewed by the court to resolve that motion, the confidential information shall be filed under restricted access pursuant to the court's electronic docketing procedures. The party that produced the information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

14) **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the court for an order that Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

15) **Return or Destruction of Documents.** Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY. The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY, that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be

binding on the parties and their legal counsel in the future.

16) **Modification.** This Protective Order is entered without prejudice to the right of any party to ask the court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the court.

17) **Additional Parties to Litigation.** In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the court, its agreement to be fully bound by this Protective Order.

18) **Sanctions**.

    a. Any party subject to the obligations of this order who is determined by the court to have violated its terms may be subject to sanctions imposed by the court under Rule 37 of the Federal Rules of Civil Procedure and the court's inherent power.

    b. Confidentiality designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. Upon discovering that information was erroneously designated as CONFIDENTIAL and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY, the Producing Party shall promptly notify all other Parties of the improper designation

19) **Inadvertent Disclosure of Protected Discovery Material**.

    a. A Producing Party that inadvertently fails to properly designate Discovery Material as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall have 14 days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every Receiving Party.

    b. Any Receiving Party notified that confidential Discovery Material was received without the appropriate confidentiality designation as authorized

    under this order shall make reasonable efforts to retrieve any such documents distributed to persons who are not Qualified Recipients under this order, and as to Qualified Recipients, shall exchange the undesignated or improperly designated documents with documents that include the correct "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY designation.

20) **Disclosure of Privileged or Work Product Discovery Material**.

   a. The production of attorney-client privileged, or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

   b. Any party who discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such produced documents or certify their destruction, including all copies, within 14 days of receiving such a written request. The party returning such produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

March 31, 2022.

                                              BY THE COURT:

                                              *s/ Cheryl R. Zwart*
                                              United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WARREN D. CROZIER, PAULA M. CROZIER, and ABBY CROZIER,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTSIDE COMMUNITY SCHOOL DISTRICT, ELIZABETH MEYERS, In her individual capacity; RUSSELL OLSEN, in his individual capacity; ENID SCHONEWISE, in her individual Capacity; and BLANE MCCANN, in his individual capacity;<br><br>Defendants. | **EXHIBIT A** |

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

Dated:

_____    _____
Printed Name                                             Signature