IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WARREN D. CROZIER and PAMELA M. CROZIER, and ABBY CROZIER,<br><br>    Plaintiffs<br><br>v.<br><br>WESTSIDE COMMUNITY SCHOOL DISTRICT; WESTSIDE MIDDLE SCHOOL; ELIZABETH MEYERS, RUSSELL OLSEN; ENID SCHOENEWISE and BLAINE MCCANN,<br><br>    Defendants. | Case No. 8:18cv541<br><br><br>**BRIEF IN OPPOSITION TO MOTION TO COMPEL UNREDACTED DOCUMENTS** |

Defendant Westside Community School District respectfully submits the following for its Brief in Opposition to Plaintiff's Crozier's Motion to Compel (the "Motion") (Filing NO. 136-2).

## Introduction

Plaintiffs are requesting that Defendants be compelled to provide unredacted versions of documents relating to the investigations/interviews with students relating to Plaintiffs' allegations of misconduct by Defendant Meyers. Based on the current split of authority on whether such records are protected by Family Educational Rights and Privacy Act (FERPA) (and no controlling authority having decided the issue), Defendants maintain that such records are protected by FERPA. Thus, if the Court is inclined to compel the disclosure of such records, Defendants request the Court allow for a thirty (30) day period whereby Defendants may notify such students of their right to intervene/object to the release of the records as permitted by FERPA, and once the thirty (30) day period expires for the student to object and if no such objection occurs, Defendants produce the records.

**Argument**

I. **The Records sought by Plaintiffs are protected by FERPA.**

FERPA is a federal law that protects the privacy of student education records. The FERPA statute is found at 20 U.S.C. § 1232g and the FERPA regulations are found at 34 CFR Part 99.

FERPA is the primary federal law that protects the privacy student education records. The law applies to any institution, public or private, that receives funds under any program administered by the U.S. Department of Education. FERPA generally provides that before an institution may disclose a student's education records, it must obtain written consent from the student. 34 CFR section 99.30. There is indeed an exception to this general rule for schools complying with a lawfully issued subpoena or court order, but importantly, the exception requires that the institution make a "reasonable effort to notify" the student of the order or subpoena in advance of compliance. 34 CFR section 99.31(a)(9)(ii).

Thus, an institution *may* produce records in response to a lawfully issued subpoena or court order without the student's consent, but only *after* it has made a reasonable effort to notify the student that it intends to do so. The purpose of this advance notification requirement is to afford the student an opportunity to limit or "quash" the subpoena.

Although Plaintiffs attempt to argue the records requested (mainly the notes summarizing the investigation of the incidents described in the Complaint, including interviews with students and the students names) are unequivocally not protected by FERPA, there is a split of opinion as to whether or not student information in employee investigation records constitutes an education record protected by FERPA. In *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F.Supp 2d 1019 (N.D. Ohio 2004), the parents sought disciplinary and investigative information on substitute teachers who allegedly harmed students. The information sought included student witness statements and employee witness statements in which students were identified. The court held that FERPA was

not applicable and FERPA did not apply to employee records. In contrast, in *Rhea v. District Bd. of Trustees of Santa Fe College*, 109 So. 3d 851 (Fla. App. 1st Dist., 2013), a professor sought disclosure of an unredacted copy of an e-mail sent by a student which complained of, among other things, the professor's classroom behavior. However, the court held under FERPA that "education records" included the e-mail since it was directly related to a student and that it was irrelevant that the record also contained information directly related to the teacher.

Further, in *State ex rel. ESPN v. Ohio State Univ.*, 970 N.E.2d 939, 946 (Ohio 2012), the Ohio Supreme Court held that documents relating to NCAA investigations that included student names and interview results were protected by FERPA. The compelling party attempted to argue that the investigation records did not constitute "education records." In rejecting this argument, the court explained:

> "[w]e agree with the Sixth Circuit and hold that the records here generally constitute "education records" subject to FERPA because the plain language of the statute does not restrict the term "education records" to "academic performance, financial aid, or scholastic performance." Education records need only "contain information directly related to a student" and be "maintained by an educational agency or institution" or a person acting for the institution. 20 U.S.C. 1232g(a)(4)(A)(i) and (ii). The records here—insofar as they contain information identifying student-athletes—are directly related to the students.

*Id.*

A similar holding was rendered by the Texas Attorney General in Open Record Decision No. 224 (1979), which held that statements by students that were created to evaluate teachers were excepted from production under an open records request, in part, because they were student records protected by FERPA.

Because Nebraska and/or the Eighth Circuit has not made a definitive ruling on whether or not such investigative records constitute student records protected by FERPA, Defendants' appropriate course of action is to consider such records to be covered by FERPA. This is consistent

with Defendants' actions in this case. Defendants do not object to the production of relevant information, Defendants merely request the opportunity to comply with FERPA's notice provisions by way of (i) an order from this Court allowing Defendants to properly notify the students/parents as required by FERPA and (ii) the parties' current negotiations with respect to the applicable Protective Order, as discussed further below.

> II. **This Court can compel the disclosure of the documents consistent with the parties' soon to be submitted and agreed-upon Protective Order governing the disclosure of records containing student information/identifications.**

As discussed above, Defendants may provide disclosure of educational records or personally identifiable information upon judicial order or lawfully issued subpoena provided that the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or student may seek protective action. 34 C.F.R. § 99.31(a)(9)(i-ii). FERPA requires that if an educational institution is requested, under court authority, to release information protected by FERPA, they must give "reasonable effort to notify the parent or eligible student." *See* 20 U.S.C. § 1232g(b)(2)(B) *and* 34 CFR § 99.31(a)(9).

In this case, if the Court compels the production of the documents requested by Plaintiffs (specifically, the"(1) unredacted discovery disclosing the names and contact information of the students who were interviewed by Defendant Westside Community Schools District in its investigation of Plaintiffs' allegations of misconduct by Defendant Meyers; and (2) unredacted discovery of Defendant Westside's investigative notes which currently redact the identities of the students interviewed"), Defendants request that the Court allow for a thirty (30) day period whereby Defendants may notify such students of their right to intervene/object to the release of the records as

permitted by FERPA, and pnce the thirty (30) day period expires for the student to object and if no such objection occurs, Defendants produce the records.

It is worth noting that the parties have been negotiating an agreed-upon Protective Order that provides for the 30 day time period above and are very close to submitting the same to the Court. Under Defendants' proposed language, the following would apply:

> a. It is Parties' understanding that the Court will rule on a Motion to Compel which Plaintiffs have filed pertaining to the release of Defendants' investigatory notes and related documents that Defendants allege are third-party student records pursuant to FERPA. Plaintiffs dispute the documents at issue are governed by FERPA and/or that they should not be disclosed.
>
>> i. In the event the Court orders that such documents are student records as defined by FERPA and orders the release of said documents, Defendants shall have a thirty (30) day period whereby Defendants may notify such students of their right to intervene/object to the release of the records as permitted by FERPA. Once the thirty (30) day period expires for the student to object and if no such objection occurs, the records will be released pursuant to (d)(ii)(b).

## Conclusion

WHEREFORE, Defendants respectfully request that Plaintiffs' Motion to Compel be denied insofar as it seeks a ruling from this Court that the documents requested are not protected by FERPA. In the event the Court compels the disclosure of the documents requested, Defendants respectfully request the Court permit Defendants the opportunity to notify students consistent with FERPA's requirements and as explained above.

DATED: June 24, 2022.

WESTSIDE COMMUNITY SCHOOL DISTRICT, Defendant,

By: */s/ Casandra M. Langstaff*

    Margaret C. Hershiser, #19545
    John M. Lingelbach, #20429
    Casandra M. Langstaff, #26592
    KOLEY JESSEN P.C., L.L.O.
    One Pacific Place, Suite 800
    1125 South 103rd Street
    Omaha, NE 68124-1079
    (402) 390-9500
    (402) 390-9005 (facsimile)
    Margaret.Hershiser@koleyjessen.com
    John.Lingelbach@koleyjessen.com
    Casandra.Langstaff@koleyjessen.com
    Attorneys for Defendants.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 24th, 2022, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court and served via email to the following:

Ari D. Riekes #23096
Kristina B. Murphree, #18373
GROSS WELCH MARKS CLARE, PC, LLO
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE 68124
ariekes@gwmclaw.com
kmurphree@gwmclaw.com

    */s/ Casandra M. Langstaff*
    Casandra M. Langstaff