IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WARREN D. CROZIER and PAMELA M. CROZIER, and ABBY CROZIER,<br><br>　　　　Plaintiffs<br><br>v.<br><br>WESTSIDE COMMUNITY SCHOOL DISTRICT; WESTSIDE MIDDLE SCHOOL; ELIZABETH MEYERS, RUSSELL OLSEN; ENID SCHOENEWISE and BLAINE MCCANN,<br><br>　　　　Defendants. | Case No.  8:18cv541<br><br><br>**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL** |

Defendants Westside Community School District, Elizabeth Meyers, Russell Olsen, Enid Schoenewise, and Blaine McCann (collectively, "Defendants") respectfully submits the following for its Brief in Support of its Motion to Compel (the "Motion").

### Introduction

On October 22, 2021, Defendants served their first set of Interrogatories and Requests for Production of Documents (the "First Set of Discovery") on Plaintiffs. Defendants served the First Set of Discovery to Plaintiffs' then-undersigned counsel, Abby Osborn. On January 27, 2022, Defendants served their Second Set of Interrogatories (the "Second Set of Discovery") on Plaintiff Abby Crozier. Defendants served the Second Set of Discovery to Plaintiffs' then-undersigned counsel, Ari Riekes. To date, Defendants have not received any discovery responses from Plaintiffs to either the First Set of Discovery or the Second Set of Discovery. Accordingly, Defendants respectfully request an Order form the Court compelling the Plaintiffs' responses to the discovery at issue.

**Legal Standard**

Defendants seek to compel discovery pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(3)(B) provides that "[A] party seeking discovery may move for an order compelling ... production" if a party fails to provide an "answer, designation, production, or inspection."

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, as amended December 1, 2015. Rule 26(b)(1) provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The 2015 Amendment to Rule 26 "restor[ed] proportionality as an express component of the scope of discovery[.]" The moving party must meet the initial threshold showing that the information sought is relevant, prior to turning to the proportionality inquiry. *Humphreys & Partners Architects, LP v. Com. Inv. Properties, Inc.*, 2020 WL 3971604, at *2 (D. Neb. July 14, 2020) (citing *Hofer v. Mack Trucks, In*c., 981 F.2d 377, 380 (8th Cir. 1992)).

"[T]he standard of relevance in the context of discovery is broader than in the context of admissibility." *Hofer*, 981 F.2d 377, 380 (8th Cir. 1992). "Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case...[.]" *Marquis ProCap Sys., LLC v. Novozymes N. Am., Inc.*, 2021 WL 119570, at *3 (D. Neb. Jan. 13, 2021) (citation omitted and emphasis added). The court will then consider whether the discovery is proportional to the needs of the case. *Timm Grandview, LLC v. AmGUARD Ins. Co.*, 8:20CV197,

2021 WL 1120940, at *2 (D. Neb. Mar. 23, 2021).

## Argument

### I.  Plaintiffs should be compelled to respond to Defendants' discovery requests, which were first served over fifteen (15) months ago.

The subject of this Motion to Compel does not involve a dispute between the parties regarding the scope or nature of the requests (as no objections have been made by Plaintiffs to the requests to date). This Motion by Defendants is merely to get Plaintiffs to cooperate in this case (which they filed) by responding to Defendants' properly served discovery requests. To date, Plaintiffs have not provided any objections, productions, answers, or other type of response to Defendants' discovery requests, the first set of which was served over fifteen (15) months ago (on October 22, 2021) and the second which was served over a year ago (on January 27, 2022). Plaintiffs claim they provided prior counsel their answers to the discovery requests at issue, but Defendants have not been provided any such responses. Accordingly, Defendants respectfully request an Order form the Court compelling the Plaintiffs' responses to the discovery at issue.

## Conclusion

WHEREFORE, Defendants Westside Community School District, Elizabeth Meyers, Russell Olsen, Enid Schoenewise, and Blaine McCann respectfully ask the Court for an Order compelling Plaintiffs to respond to Defendants' first and second set of discovery requests within fourteen (14) days of the Court's Order, and for such further and different relief as to this Court seems just and equitable.

DATED: February 24, 2023.

WESTSIDE COMMUNITY SCHOOL
DISTRICT, Defendants,

By: /s/ *Casandra M. Langstaff*

Margaret C. Hershiser, #19545
John M. Lingelbach, #20429
Casandra M. Langstaff, #26592
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9005 (facsimile)
Margaret.Hershiser@koleyjessen.com
John.Lingelbach@koleyjessen.com
Attorneys for Defendants.

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 24th day of February, 2023, the above and foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all registered participants:

A copy of this Motion was also mailed to the following addresses:
Warren D. Crozier
905 South 42nd Street
Omaha, NE 68105

Paula Crozier
905 South 42nd Street
Omaha, NE 68105

Abby Crozier
P.O. Box 12704
Wilmington, NC 28405

/s/ *Casandra M. Langstaff*
Casandra M. Langstaff

4