IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WARREN D. CROZIER, PAULA M. CROZIER, for minor A.C.; and ABBY CROZIER, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTSIDE COMMUNITY SCHOOL DISTRICT, ELIZABETH MEYERS, In her individual capacity; RUSSELL OLSEN, in his individual capacity; ENID SCHONEWISE, in her individual Capacity; and BLANE MCCANN, in his individual capacity; <br><br> Defendants. | **8:18CV541** <br><br><br> **ORDER** |

This matter is before the court on Defendants' motion to compel discovery (Filing No. 169) and motion to extend case progression (Filing No. 176). Also before the court are Plaintiffs' motions for a conference with the court. (Filing Nos. 194, 195, 196). For the reasons stated below, Defendants' motions will be granted, and Plaintiffs' motions will be denied.

1. Defendants' motion to compel

Defendants move to compel Plaintiffs' response to their first set of interrogatories and requests for production of documents originally served in

1

October 2021. Defendants also move to compel Abby Crozier's response to their second set of interrogatories served in January 2022. (Filing No. 169).

There are no disputes as to the content of the requests. Rather, Plaintiffs have simply failed to respond. Plaintiffs acknowledge they have received the requests and do not challenge their obligation to respond. Instead, Plaintiffs argue that the present motion is untimely and not warranted because Plaintiffs' time to respond had not yet expired. (Filing Nos. 186, 188, 190).

Plaintiffs do not dispute that on October 22, 2021, Defendants served their first set of interrogatories and requests for production of documents on the plaintiffs, and they do not dispute that on January 27, 2022, Defendants served their second set of interrogatories on Plaintiff Abby Crozier. They do not claim they have already answered or objected to the discovery. Plaintiffs argue that when Defendant sent another copy of the same discovery to them on January 30, 2023, the 30-day time frame for responding began anew, and the defendant's motion was therefore prematurely filed. Plaintiffs are incorrect.

While it appears there have been informal extensions of time agreed to by both parties, and/or previously appointed counsel, there is no doubt the time for Plaintiffs to now respond has expired. Therefore, Defendants' motion to compel is granted. No objections were raised, and the discovery response deadline expired long ago. So, any objections to the discovery requests have been waived. Plaintiffs Warren Crozier, Paula Crozier, and Abby Crozier shall respond to Defendants' first set of interrogatories and requests for production of documents on or before May 1, 2023. Further, plaintiff Abby Crozier shall respond to Defendants' second set of interrogatories on or before May 1, 2023.

2. Motion to extend case progression

Defendants move the court to modify various deadlines set out in the amended progression order entered on November 22, 2022. ([Filing No. 176](#)). Defendants request a 60-day extension of the deadlines for depositions, motions to dismiss and/or motions for summary judgment, and motions to exclude testimony on *Daubert* and related grounds. In response, Plaintiffs do not oppose an extension of deadlines, but request the deadlines be extended by 120 days.

This case was originally filed in November 2018, has repeatedly been delayed, and the progression order has been extended numerous times. While the court understands that not all the delay is due to the lack of diligence on behalf of the parties, this case <u>must</u> progress. Defendants' motion to extend is granted, in part, but the parties are advised that the progression order will not be further amended absent a substantial showing of good cause. <u>See</u> [Fed. R. Civ. P. 16(b)(4).](#)

3. Motions for hearing

Finally, the plaintiffs move for a telephonic hearing with the court to address various topics they contend are of concern. ([Filing Nos. 194](#), [195](#), [196](#)). A review of these motions reveals Plaintiffs have restated the same topics they sought to address in a previous motion. (<u>See</u> [Filing Nos. 172](#), [173](#), and [174](#)). The court already denied their requests in its March 1, 2023 Order ([Filing No. 175](#)), and Plaintiffs have provided no justification for a reconsideration of that ruling. As such, Plaintiffs' motions for hearing are denied.

3

Accordingly,

IT IS ORDERED:

1) Defendants' motion to compel discovery, ([Filing No. 169](#)), is granted. On or before May 1, 2023, Plaintiffs shall each fully answer the first set of interrogatories and respond to the requests for production of documents, and plaintiff Abby Crozier shall also fully answer the second set of interrogatories.

2) Defendant's motion to extend case progression ([Filing No. 176](#)) is granted, and the final progression order ([Filing No. 146](#)) is amended as follows:

a) The conference call with the court to set a trial date and discuss the parties' interest in settlement, currently scheduled for May 16, 2023, is continued to August 8, 2023 at 9:00 a.m. The parties shall use the conferencing instructions the court will provide to participate in the call.

b) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is extended to July 31, 2023.

   i. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 15.

   ii. Depositions will be limited by Rule 30(d)(1).

c) The deadline for filing motions to dismiss and motions for summary judgment is August 30, 2023.

d) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is August 30, 2023.

e) All other deadlines in the prior case progression orders remain unchanged. Any further motions to modify the case progression order must be accompanied by a supporting brief and a substantial showing of good cause.

3) Plaintiffs' motions for a conference with the court, (Filing Nos. 194, 195, 196), are denied.

Dated this 7th day of April, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge