IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WARREN D. CROZIER, PAULA M. CROZIER, for minor A.C.; and ABBY CROZIER,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTSIDE COMMUNITY SCHOOL DISTRICT, ELIZABETH MEYERS, In her individual capacity; RUSSELL OLSEN, in his individual capacity; ENID SCHONEWISE, in her individual Capacity; and BLANE MCCANN, in his individual capacity;<br><br>Defendants. | **8:18CV541**<br><br>**SHOW CAUSE ORDER** |

This matter is before the court on Plaintiffs' motions to compel compliance with a third-party subpoena directed to the Nebraska Department of Education ("NDE"). (Filing Nos. 180, 182, 184). According to Plaintiffs, the NDE was served with a subpoena to produce documents on or about August 2021. (Filing Nos. 181-1 at CM/ECF p. 4-5; 183-1 at CM/ECF p. 4-5; 185-1 at CM/ECF p. 4-5). Based on the record, it appears Scott Summers, NDE General Counsel, provided a response to the subpoena at issue in September 2021. Id. at 7. Plaintiffs now contend that the NDE failed to fully comply with the subpoena and/or withheld documents and information. They move the court to compel the NDE to produce "unredacted investigatory notes, recorded meetings and ESI communications and the content of the testimonies given under oath during the investigations conducted by the NDE." (Filing Nos. 180, 182, 184).

Plaintiffs mailed, via certified mail, the motion to compel to Juan Roman and Brian Halstead at the address listed on the NDE website. According to the certified mail returns, those documents were received by someone at the listed addresses on March 14, 2023.[1] (Filing Nos. 201, 202, 203). The court presumes Plaintiffs sought to serve Juan Roman and Brian Halstead based on their roles (likely identified by prior counsel) as General Counsel for the NDE and Deputy Commissioner, respectively.

The court questions whether NDE has been properly served with the present motion. Specifically, the court is unable to confirm Mr. Roman or Mr. Halstead's respective positions,[2] neither have voluntarily appeared or previously engaged with Plaintiffs, and as a non-party, the NDE does not have an attorney of record in the lawsuit. Moreover, it is unclear whether either Juan Roman or Brian Halstead is the proper recipient of service under Federal or Nebraska law. See Hurd v. United States, No. 8:21CV75, 2021 WL529962 (D. Neb. August 10, 2021) (discussing service on a Nebraska governmental entity). The court declines to compel the production of what are likely sensitive materials without first resolving the questions of service and NDE counsel representation.

Accordingly,

IT IS ORDERED:

1. The Nebraska Department of Education is given until April 28, 2023, to show cause why the court should not compel further compliance with the subpoena issued in the above-captioned case and received by the department in August 2021 (attached hereto).

---

[1] The signatures on the certified mail returns are not legible.

[2] Scott Summers originally responded to the subpoena in September 2021 as General Counsel for the NDE. While Plaintiffs' prior counsel attempted to correspond with Juan Roman in March 2022, it does not appear that he ever responded. Similarly, Deborah Frison was the acting Commissioner of Education, rather than Mr. Halstead, at the time the motions were served.  See Nebraska Department of Education, Commissioner's Home Page, https://www.education.ne.gov/commissioner/ (last visited April 7, 2023).

2

2. NDE's response to this show cause order will <u>not</u> be construed as admitting the motions to compel were properly served on March 14, 2023, and receipt of this order is not construed as proper service of the motions to compel. NDE retains the right to challenge the motions to compel for improper process or service of process, and it also retains the right to raise any substantive defenses to those motions.

3. The clerk of the court shall serve this order, including all attachments, by certified mail to the following individuals:

Deborah Frison
NDE Acting Commissioner
500 S. 84th St., 2nd Floor
Lincoln, NE 68510-2611

Juan Roman
NDE General Counsel
500 S. 84th St., 2nd Floor
Lincoln, NE 68510-2611

Mike Hilgers
c/o official designated for
service of legal process
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68059

Brian Halstead
NDE Deputy Commissioner
500 S. 84th St., 2nd Floor
Lincoln, NE 68510-2611

Dated this 7th day of April, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| | |
|---|---|
| Warren D. Crozier and Paula M. Crozier, for Minor A.C. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:18CV541 |
| Westside Community Schools District, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Nebraska Department of Education, 301 Centennial Mall S, #6, Lincoln, Nebraska 68508

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: commanding them to produce complete files of all complaints made by Warren and/or Paula Crozier regarding Def, Westside School District and/or any employee of Westside School Dist including, but not limited to, complaints against the above named Defendants

| Place: Abby Osborn, #24527 Shiffermiller Law Office, P.C., L.L.O., 1002 G Street Lincoln, Nebraska 68508 | Date and Time: 09/02/2021 9:43 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
  *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Warren D. Crozier and Paula M. Crozier, for Minor A.C., _____, who issues or requests this subpoena, are:
Abby Osborn, Shiffermiller Law Office, P.C., L.L.O., 1002 G Street, Lincoln, Nebraska 68508
402-484-7700     abby@shiffermillerlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:18CV541

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☒ I served the subpoena by delivering a copy to the named person as follows:
Nebraska Department of Education, 301 Centennial Mall # 4, Lincoln, NE 68508 - Ms. Phillips. on *(date)* about 8/20/21 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 2/8/23

_____
Server's signature

Abby Osborn, Attorney at Law
Printed name and title
Shiffermiller Law Office, P.C., L.L.O.
1002 G Street
Lincoln, Nebraska 68508

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



Sept. 23, 2021

Ms. Abby Osborn, Esq.
Shiffermiller Law Office
1002 G Street
Lincoln, NE 68508

RE: Response to subpoena - *Crozier v. Westside Schools et al.*

Ms. Osborn:

As has been previously communicated, please find enclosed a CD that contains records, (complaint files), responsive to this subpoena for "complete files of all complaints made by Warren and/or Paula Crozier regarding def. Westside School and/or any employee of Westside School District...including...complaints against the above-named Defendants." The subpoena was received by this Department on 8/25/21.

There were four documents from these files that were withheld as attorney-client privileged: Four memos from NDE Legal Counsel Sara Hulac to the Commissioner of Education titled "Review of Case" that each contain a legal analysis and recommendation to the Commissioner from Ms. Hulac regarding the disposition of each of the four complaints filed by the Croziers against these four certificated educators.

You will also note some redactions in the documents. As for redactions made by this Department, we have redacted the social security numbers that appear on certification materials for each certificated educator that was the subject of each of the four complaints filed by the Croziers. We also redacted a reference to a student's grades or grade point in a class on PDF p.49 of the complaint file on Meyers per the Family Educational Rights & Privacy Act (FERPA), as well as some additional personally identifiable student information supplied by the school district/Ms. Meyers' attorney on PDF pp. 68-70 of the same file. The remainder of the redactions were present in the materials when they were provided to this Department in response to subpoenas or requests made to the Respondents following the filing of the complaints against them by the Croziers.

Lastly, it is my understanding there is no complaint file regarding Defendant McCann.

Let me know if you any questions.

Sincerely,

Scott Summers, General Counsel

Enclosure

To lead and support the preparation of all Nebraskans for learning, earni